## CHARLES H. LEONARD *vs.* CITY OF NEW BEDFORD.

Personal property, liable under the Rev. Sts. c. 7, § 10, and St. 1839, c. 139, § 1, to taxation in the town where the owners hire or occupy manufactories, stores, shops or wharves, is not exonerated from taxation there, because the person owning it is a citizen and inhabitant of and engaged in business in another state where he is liable to pay taxes assessed upon his personal property.

ACTION OF CONTRACT to recover back taxes paid under protest for the years 1855 and 1856, submitted to the judgment of the court upon facts agreed, which are stated in the opinion.

*J. H. Clifford & W. W. Crapo*, for the defendants.

*T. D. Eliot*, for the plaintiff.

DEWEY, J. The plaintiff was the owner of personal property so held and enjoyed as to bring the same directly within the provisions of the Rev. Sts. c. 7, § 10, and the subsequent St. of 1839, c. 139, somewhat extending the former statute, and the two combined clearly subjecting the property to taxation in the town of New Bedford, unless the fact that the plaintiff was a citizen and inhabitant of the city of New York, and there engaged in business as an oil merchant, and was there liable to pay all such

taxes as by the laws of New York might be assessed upon him, shall be found to exonerate the same from taxation.

It is contended on the part of the plaintiff that these various statutes providing for the assessment and collection of taxes apply only to persons who are inhabitants of this commonwealth, and especially that this must be so in reference to all taxation upon personal property. Looking at the language of the Rev. Sts. *c.* 7, § 2, in which it is declared that " all property, real and personal, of the inhabitants of this state, not exempted by law from taxation, shall be subject to taxation in the manner provided in this chapter," it might seem that our system of taxation contemplated only our own inhabitants.

But this language, it is to be observed, is as applicable to real estate as to personal. No one can doubt but that the real estate situate in this commonwealth, although owned by an inhabitant of another state, is liable to taxation here. Section 30 of *c.* 7, and section 19 of *c.* 8, assume that the law provides for taxing real estate to non-resident owners. All the real estate within the State is properly subject to taxation here. We are aware of a distinction between real and personal estate in respect to the *lex loci rei sitæ,* and that the general rule as to the latter is that it follows the person of the owner, and in most cases in reference to taxes would be taxed at the place of the inhabiting of the owner. But as to goods, wares and merchandise, or any stock in trade, or any stock employed in manufacturing or the mechanical arts, and where the business of selling or manufacturing is carried on in this commonwealth, it has not been thought a violation of any principle of comity to a sister state to tax such goods or stock in the town where they were thus made the subject of sale or manufacture. The extent of this taxation, and the circumstances under which it may take place, must be a subject of statute regulation. This our legislation has done. It is not enough that a non-resident has goods and merchandise in a town in this commonwealth. It is only in case the owners of such goods, or stock employed in manufacture, hire or occupy manufactories, stores, shops or wharves therein.

The case of the plaintiff, upon the admitted facts, falls within the provisions of *St.* 1839, *c.* 139, and the goods and stock taxed by the defendants were properly the subject of taxation by the city of New Bedford. Unless upon goods and stock thus situated such taxation was required, we should give the preference to trade and manufactures carried on in our towns and cities by traders and manufacturers residing without the Commonwealth. Their property, thus used in business here, has all the protection and all the facilities for making profit thereon that attaches to similar goods, and stock in trade, and business, the property of our inhabitants dwelling here, and yet a tax might be wholly avoided by sending a clerk or agent to transact the business here, the owner continuing to reside out of the limits of the State.

The case of *Blackstone Manuf. Co.* v. *Blackstone*, 13 Gray, 488, clearly indicates the views of this court upon the present question. It was assumed throughout that case by the court, that a citizen and inhabitant of another state would have been taxable for goods and stocks kept and used for similar purposes; and the only question was whether an incorporated company, holding an incorporation under the statute of Rhode Island, with an authority under an act of our legislature to hold real estate in Massachusetts, was subject to such tax, or was to be subject to taxation for its personal property only by a tax upon the shares of its stockholders.

In the case before us, the court are of opinion that the property was legally taxable in the city of New Bedford. The plaintiff will therefore, by the agreement of the parties, be entitled to recover back only the sum of $40.94, being an overtaxation occasioned by an irregularity and error in the apportionment of the whole tax, as between polls and property.

*Judgment for the plaintiff accordingly.*